Filed 11/4/20 P. v. Cabral CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B299463 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA149452) |
| v. | |
| FRANCISCO CABRAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvonne T. Sanchez, Judge. Affirmed as modified.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Francisco Cabral appeals from the sentence imposed following his conviction for six counts related to his possession of a firearm as a felon and driving with a suspended license. He contends that a one-year prior prison term enhancement imposed pursuant to Penal Code section 667.5, subdivision (b)[1] must be stricken in light of the passage of Senate Bill No. 136 (2019–2020 Reg. Sess.) (S.B. 136). Respondent agrees. Therefore, we strike the one-year enhancement and remand the matter to the trial court for resentencing. We otherwise affirm the judgment.

## PROCEDURAL HISTORY[2]

On January 14, 2019, the Los Angeles County District Attorney (the People) filed an information charging defendant with possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count one); receiving a stolen vehicle (§ 496d; count two); driving a vehicle without consent (Veh. Code, § 10851, subd. (a); count three); two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1); counts four and five); unlawful possession of ammunition (§ 30305, subd. (a)(1); count six); driving with a license suspended for a prior DUI (Veh. Code, § 14601.2, subd. (a), (d)(2); count seven); and driving with a license suspended for a prior DUI within five years (Veh. Code, § 14601.5, subd. (a), (d)(2); count eight). As to counts one through six, the information further alleged defendant suffered two prior serious or violent felony convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and served two prior prison terms

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]We omit the factual background as it is irrelevant to the issues presented on appeal.

(§ 667.5, subd. (b)).

The jury convicted defendant of counts four through eight. It found defendant not guilty of counts one through three. In a bifurcated trial, the jury found true the allegations on both prior serious or violent felony convictions and one of the prior prison terms.

The court sentenced defendant to a total of five years in state prison, composed of the mid-term of two years on count four, doubled pursuant to sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i), plus one year for the prior prison term pursuant to section 667.5, subdivision (b). The court imposed concurrent five-year terms on counts five and six, and two terms of 365 days in county jail on counts seven and eight, with count seven credited as time served and count eight stayed pursuant to section 654.

Defendant timely appealed.

## DISCUSSION

Effective January 1, 2020, S.B. 136 amended section 667.5, subdivision (b), such that the one-year enhancement applies only if a defendant's prior prison term was served for a sexually violent offense. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Because defendant did not serve his prior prison term for a sexually violent offense, and because his conviction is not final, he contends the one-year enhancement must be stricken from his sentence. (See *People v. Winn, supra,* 44 Cal.App.5th at p. 872 [S.B. 136 applies to non-final judgments]; *People v. Brown* (2012) 54 Cal.4th 314, 323 ["When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the

3

Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date."].)

Respondent agrees, as do we, that S.B. 136 applies to this case. We therefore strike the one-year prior prison term imposed under section 667.5, subdivision (b) and remand the matter for resentencing to allow the court to exercise its sentencing discretion in light of any changed circumstances. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; see also *People v. Jennings, supra*, 42 Cal.App.5th at p. 682.) We take no position on how the court should exercise its discretion on remand.

## DISPOSITION

The one-year prison term imposed under section 667.5, subdivision (b) is stricken. The judgment is affirmed in all other respects. The matter is remanded for resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


MANELLA, P. J.


CURREY, J.


4